UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ANDREW BAKER, | ) | CASE NO. 1:09CV666 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| ELI LILLY & CO., et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) ) ) | [Resolving Doc. 38] |

This matter comes before the Court on a Motion for Judgment on the Pleadings (Doc. 38) filed by Defendant Par Pharmaceutical Companies, Inc. ("PPCI"). Plaintiff, Richard Andrew Baker, has filed his Opposition to the Motion (Doc. 45). The Court has been advised, having considered the pleadings, the motion, the opposition, and applicable law. For the reasons that follow, the Motion is GRANTED. The complaint as against PPCI is hereby DISMISSED WITHOUT PREJUDICE.

**I.    STATEMENT OF FACTS**

Baker filed his complaint on March 24, 2009, naming nine defendants. Baker's complaint seeks damages for injuries that he allegedly suffered from taking the prescription drugs Permax (generically known as Pergolide Mesylate) and Dostinex (generically known as Cabergoline). Baker's complaint alleges that each defendant manufactured, distributed, sold, or promoted one or both of the drugs at issue.

On July 13, 2009, PPCI moved for judgment on the pleadings, contending that this Court lacks personal jurisdiction over it. Baker responded in opposition to the motion on August 12, 2009. The Court now resolves the motion.

## II. LEGAL STANDARD

As Congress has not provided for the nationwide service of process in the statute under which Plaintiff has brought suit, this Court applies Ohio law in determining whether it may exercise jurisdiction over PPCI. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law. The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)). The Court must engage in both steps if Ohio's long-arm statute applied because it does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1. Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*

Baker bears the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168. However, when a court rules solely based upon the pleadings, the plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence,

specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

>Ohio's long-arm statute, Revised Code Section 2307.382, provides as follows:
>
>(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>(1) Transacting any business in this state;
>
>(2) Contracting to supply services or goods in this state;
>
>(3) Causing tortious injury by an act or omission in this state;
>
>(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
>(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
>(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
>(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
>
>(8) Having an interest in, using, or possessing real property in this state;
>
>(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Upon review, the Court finds that none of the provisions of Ohio's statute are applicable to PPCI.

**III.     ANALYSIS**

   1)  <u>Ohio Long-Arm Statute</u>

   In support of its motion, PPCI attached the affidavit of its Assistant Corporate Secretary, Martin L. Wilson.  Wilson asserted that PPCI is a Delaware holding company with its principal place of business in the state of New York.  Wilson stated that PPCI 1) has never conducted business in Ohio, 2) has no agent for service of process in Ohio, 3) has never maintained an office in Ohio, 4) has never owned or leased property in Ohio, 5) has never had a bank account or post office box in Ohio, 6) has never had FDA approval to sell pergolide or cabergoline, 7) has never manufactured, sold, or distributed the drugs at issue, and 8) has never advertised the drugs at issue in Ohio.  Doc. 38-2 at 1-2.

   In response to the motion, Baker filed exhibits which he contends demonstrate that PPCI in fact manufactures and distributes the drugs at issue in Ohio.  The Court finds that the exhibits do not demonstrate such a fact, but instead support the argument set forth by PPCI.

   Baker's exhibit 1 states in relevant part:  "[PPCI], incorporated in 1978… is a Delaware company that, *principally through its wholly owned subsidiary, Par Pharmaceutical, Inc.*… is in the business of developing, manufacturing and distributing generic and branded drugs in the United States."  Doc. 45-1 at 2 (emphasis added).  Consistent with PPCI's motion, the exhibit demonstrates that PPCI is a holding company and that its subsidiary is the company that manufactures and distributes drugs.  Baker's Exhibit 2 contains the same information, indicating that PPCI manufactures and distributes more than 170 generic drugs, "through its principal subsidiary, Par Pharmaceutical."  Doc. 45-2 at 2.  Furthermore, contrary to his own evidence, Baker contends that PPCI interchangeably uses "various trade names."  The evidence reveals that

4

PPCI owns trademark rights in its name and the name of its subsidiaries.  The names used are not trade names, but instead are the names of distinct corporate entities.

Furthermore, the National Drug Code Directory search page provided by Baker indicates that Par Pharmaceuctical, Inc., the wholly owned subsidiary, has a code for distributing drugs. The directory, however, does not list PPCI in any manner.

The evidence before the Court is consistent.  A wholly owned subsidiary of PPCI, Par Pharmaceutical, Inc., manufactured and distributed the drugs at issue.  While the locale of the subsidiary is a factor in the Court's minimum contacts analysis, it does not play a role in analyzing Ohio's long arm statute.  Furthermore, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries" *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998).  The principle that a parent corporation generally is not liable for the wrongs of its subsidiary does have certain exceptions, *see generally Anderson v. Ridge Tool Co.*, No. 06-116-HRW, 2008 WL 1908716, at *5 (E.D.Ky. Apr. 30, 2008), however, the burden is on the plaintiff "to present some specific argument as to why the separate corporate form should be ignored, since it is clear that 'limited liability is the rule not the exception.'" *Id*. (quoting *Anderson v. Abbott*, 321 U.S. 349, 362 (1944)).  Baker has offered no facts or argument in support of ignoring the corporate structure.  There is no evidence that Par Pharmaceutical, Inc. was acting as the agent of PPCI when it conducted day-to-day business. Further, there is nothing to suggest that Par Pharmaceutical, Inc. is the alter ego of PPCI or that PPCI failed to follow corporate formalities with respect to its subsidiary.  In short, there is no evidence to support a finding that any of Ohio's long-arm provisions apply to PPCI.  Rather, it appears from the record that the wholly owned subsidiary would be the only feasible proper

party defendant.  Accordingly, Baker has failed to demonstrate the existence of personal jurisdiction over PPCI.

## IV. CONCLUSION

Based upon the above, PPCI's motion to dismiss is GRANTED.  The complaint as against PPCI is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.


Date:   <u>August 19, 2009</u>              */s/ John R. Adams*
                                           Judge John R. Adams
                                           UNITED STATES DISTRICT COURT